# EXHIBIT A



# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452      *Secretary of the Commonwealth*      RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

W.M. Barr & Company, Inc.  
6750 Lenox Center Court, Suite 200  
Memphis, TN 38115

1/29/2021

United States Automobile Association, as subrogee of Major Donald Porter

vs.

W.M. Barr & Company, Inc.

**Summons and Complaint**


Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact <u>the CLERK of the enclosed/below mentioned court</u> or any attorney of your choice. <u>Our office does not accept payments on behalf of debts.</u> The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Fairfax County Circuit Court  
4110 Chain Bridge Road  
Fairfax, VA 22030-4009

Service of Process Clerk  
Secretary of the Commonwealth's Office

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. **2020 21187**

FILED DCTP
2020 DEC 30 PM 3:28
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329, 55-218.1; 57-51

Fairfax County .................................................................. Circuit Court

United Services Automobile Association, as subrogee of Major Donald Porter
v.
W. M. Barr & Company, Inc.
6750 Lenox Center Court, Suite 200
Memphis, Tennessee 38115

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:    [×] Summons and Complaint    [ ] Notice
                                               [ ]

I, the undersigned Affiant, state under oath that
[ ] the above-named defendant    [×]  W. M. Barr & Company, Inc.
whose last known address is    [×] same as above  [ ]

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) (1-5) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

12/22/20
DATE

[ ] PARTY  [×] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of Virginia    [ ] City [×] County of Fairfax

Acknowledged, subscribed and sworn to before me this day by Thomas C. Palmer, Jr.
PRINT NAME OF SIGNATORY

12/22/2020
DATE

[ ] CLERK   [ ] MAGISTRATE   [×] NOTARY PUBLIC   Notary Public
Notary Registration No. _____
MISTY ROBERTS
Notary Public
Commonwealth of Virginia
Registration No. 7505380
My Commission Expires Jul 31, 2023

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On JAN 1 5 2021 , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On FEB 0 3 2021 , papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

COMMONWEALTH OF VIRGINIA
*CIRCUIT COURT OF FAIRFAX COUNTY*
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

**United Services Automobile Association  vs.  W M Barr & Company Inc**
CL-2020-0021187

TO:  W M Barr & Company Inc
6750 Lenox Center Court Suite 200
Memphis TN 38115

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on January 6, 2021.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

**Plaintiff's Attorney:   Thomas C. Palmer Jr.**

IN THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

FILED
DCTP
2020 DEC 30 PM 3: 28
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

UNITED SERVICES AUTOMOBILE
ASSOCIATION as subrogee of Major Donald
Porter,

        Plaintiff,

v.

W. M. BARR & COMPANY, INC.
6750 Lenox Center Court, Suite 200
Memphis, Tennessee, 38115

        Defendant.

CASE NO.: **2020 21187**

## COMPLAINT

Plaintiff, United Services Automobile Association as subrogee of Major Donald Porter, by and through its undersigned counsel, hereby moves for judgment against defendant, W. M. Barr & Company, Inc., for the reasons and in the amounts set forth below. In support thereof, Plaintiff says:

1. Plaintiff, United Services Automobile Association ("USAA"), as subrogee of Major Donald Porter, is a reciprocal intra-insurance exchange domiciled in the State of Texas, with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas, 78288. At all times relevant hereto, USAA was authorized to transact business and issue insurance policies in the Commonwealth of Virginia.

2. Upon information and belief, Defendant W. M. Barr & Company, Inc. ("Barr") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 6750 Lenox Center Court, Suite 200, Memphis, Tennessee, 38115.

3. At all times relevant hereto, Barr was engaged in the business of manufacturing, selling, distributing, designing, and/or supplying wood stain and treatment products.

26233746v.1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant and the subject matter of this action based upon the following substantial contacts with the Commonwealth of Virginia:

    (a) Barr has conducted and continues to conduct substantial business in Virginia on a regular basis; and

    (b) The incident giving rise to this action occurred in Virginia.

5. Venue is proper in Fairfax County because the incident giving rise to this action occurred in Fairfax County and, upon information and belief, Barr is actually doing business in Fairfax County.

## FACTS

6. At all times relevant hereto, Plaintiff's subrogor, Major Donald Porter, owned a home located at 8511 Accotink Road, Lorton, Virginia, 220798 (the "Subject Premises").

7. At all times relevant hereto, Plaintiff insured the Subject Premises pursuant to policy no. 014281564/92A (the "Policy").

8. On April 22, 2018, Maj. Porter applied Klean Strip Boiler Linseed Oil (the "Linseed Oil") to wood furniture on the back deck of the Subject Premises.

9. Barr manufactured, designed, sold, distributed, supplied, and/or otherwise put the Linseed Oil in the stream of commerce.

10. When Maj. Porter was done applying the Linseed Oil, he put the rags and a brush he had used to apply the oil into a bucket and put the bucket on a shelf in his garage.

11. The following morning, on April 23, 2018, a fire started in the garage at the Subject Premises and spread to the house, resulting in significant damage to Maj. Porter's real and personal property.

12. Investigation revealed that the fire started at the bucket where Maj. Porter had placed the rags he used to apply and/or soak up excess Linseed Oil as a result of spontaneous combustion.

13. Defendant was well aware of the risk of fire posed by improper disposal of Linseed Oil-soaked rags.

14. While there was a warning on the back of the Linseed Oil label regarding the risk of spontaneous combustion from improper disposal of rags used to apply the stain, the warning did not comply with the requirements of the Federal Hazardous Substances Act, 15 U.S.C. §1261, *et seq.*("FHSA").

15. As a result of the Linseed Oil label's failure to comply with the requirements of FHSA, Maj. Porter did not see the warning regarding proper disposal of Linseed Oil-soaked rags.

16. As a result of the fire, Maj. Porter filed an insurance claim with USAA.

17. In accordance with the terms of the Policy, USAA paid $792,987.80 to compensate Maj. Porter for the damage to his property.

18. By virtue of the payments made to Maj. Porter in accordance with the terms and conditions of the Policy, USAA is now subrogated to the rights of Maj. Porter against the party or parties responsible for the fire.

## COUNT I

19. Plaintiff incorporates by reference the averments contained in paragraphs 1 through 18, above, as though same were set forth at length herein.

20. The requirements for warning labels under FHSA are set forth in 16 C.F.R §1500.121, *et seq.*

21. The warning regarding the risk of spontaneous combustion of Linseed Oil-soaked rags – a risk of which Defendant was well aware – violated the statutory and regulatory requirements of FHSA in some or all of the following ways:

    (a) the warning was not located prominently on the label;

    (b) the warning was not printed in conspicuous and legible type in contrast by typography, layout, or color with other printed matter on the label;

    (c) the warning did not meet the requirements for minimum height of the text; and/or

    (d) the risk of spontaneous combustion qualified as a "primary hazard" within the meaning of the statute and regulations and was not prominently displayed.

22. As a result of Defendant's violation of FHSA, Maj. Porter did not see the warning regarding the risks of spontaneous combustion and simply put the used rags in a plastic bucket inside the garage at the Subject Premises.

23. Defendant's violation of FHSA was a direct and proximate result of the damage to Maj. Porter's property.

24. Defendant is strictly liable to Plaintiff for the damages sustained by Maj. Porter due to Defendant's violation of FHSA.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant in the amount of $792,987.80 with pre and post judgment interest, costs and any other relief which the Court deems appropriate.

TRIAL BY JURY IS DEMANDED

26233746v.1

UNITED SERVICES AUTOMOBILE
ASSOCIATION as subrogee of Major Donald
Porter,

*[signature]*

Thomas C. Palmer, Jr., Esquire, VSB #: 05144
BRAULT PALMER & STEINHILBER LLP
3554 Chain Bridge Road, Suite 100
Fairfax, Virginia 22030
(703) 273-6400; Fax: (703) 273-3514
tpalmer@thebraultfirm.com

of counsel,

Joseph M. Knffler, Esquire
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Phone: (215) 864-6380; Fax: (215) 789-7559
Email: kufflerj@whiteandwilliams.com
Attorney for the Plaintiffs

Dated: December 18, 2020

-5-

LAW OFFICES
**Brault Palmer**
**Steinhilber & Robbins LLP**
3554 CHAIN BRIDGE ROAD, SUITE 100
FAIRFAX, VIRGINIA 22030-2709

CERTIFIED MAIL

7009 0960 0000 8289 6167

U.S. POSTAGE >> PITNEY BOWES
ZIP 23219 $ 007.36
02 4W
0000357781 FEB. 03. 2021

W. M. Barr & Company, Inc.
6750 Lenox Center Court, Suite 200
Memphis, Tennessee, 38115

30115#4281 CO36